UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENN D. MAYBIN,

    Plaintiff,

v.                                      Case No. 05-CV-74006-DT
                                      Honorable Avern Cohn

JO MAYSTEAD,

    Defendant.
_____/

## ORDER OF DISMISSAL

       This is a civil rights action for money damages under 42 U.S.C. § 1983. Plaintiff Glenn D. Maybin is a state prisoner at Ryan Correctional Facility in Detroit, Michigan. He has been granted leave to proceed without prepayment of the filing fee for this action.

       Defendant Jo Maystead is the Director of the law library at Cotton Correctional Facility in Jackson, Michigan where this cause of action arose. The complaint and exhibits allege that, on May 12, 2003, at 7:00 p.m., plaintiff asked defendant to photocopy some documents that he needed for a state appellate court application, which was due on May 15, 2003. The copies were ready and picked up by plaintiff on May 14, 2003, and he mailed his application to the Michigan Supreme Court on May 15, 2003. The Supreme Court, however, rejected plaintiff's pleadings on May 19, 2003, because they were received beyond the fifty-six-day deadline set forth in Michigan Court Rule 7.302(C)(2).

Plaintiff alleges that defendant held his legal material two additional days and caused him to miss his court deadline. Plaintiff claims that defendant's negligence, unprofessional conduct, and inconsiderate behavior deprived him of his right to timely and meaningful access to the courts.

## Discussion

When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee, a federal district court must determine whether the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. Smith v. Campbell, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Brown v. Bargery, 207 F.3d 863, 867 (6th Cir. 2000).

To successfully establish a prima facie case under § 1983, a plaintiff must prove that the defendant acted under color of state law and deprived him of a right secured by federal law. Block v. Ribar, 156 F.3d 673, 677 (6th Cir. 1998) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)). Defendant acts under color of state law when performing her official duties for the Michigan Department of Corrections. The remaining question is whether her conduct deprived plaintiff of a federal right.

"[P]risoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977). Inmate access to the courts must be "adequate, effective, and meaningful." Id. at 822. This "fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers . . . ." Id. at 828.

The conduct in dispute here consisted of not making copies of legal documents in time for plaintiff to comply with the state supreme court's deadline. Plaintiff claims that defendant was negligent. However, a prison official's negligence does not violate an inmate's constitutional right to due process, and it is not a basis for relief under § 1983. Daniels v. Williams, 474 U.S. 327 (1986). Even negligent interference with an inmate's First Amendment right of access to the courts is not actionable under § 1983. Pink v. Lester, 52 F.3d 73, 74, 78 (4th Cir. 1995). Because defendant's alleged negligence did not deprive plaintiff of a federal constitutional right, plaintiff has failed to prove both elements of a prima facie claim under § 1983.

The complaint lacks an arguable basis under law and is frivolous. This action therefore is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). An appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962); McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997).

SO ORDERED.

    s/Avern Cohn_____
AVERN COHN
UNITED STATES DISTRICT JUDGE

Date: November 14, 2005
    Detroit, Michigan